Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 2476 | **DATE** | 7/30/2001 |
| **CASE TITLE** | DOROTHY MEREDITH V. ANTHONY PRINCIPI | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **Defendant's motion (14-1) for summary judgment is granted.**

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | number of notices | Document Number |
|---|---|---|---|---|
| | No notices required. | | AUG 0 1 2001 | |
| | Notices mailed by judge's staff. | | date docketed | |
| | Notified counsel by telephone. | | | |
| ✓ | Docketing to mail notices. | | docketing deputy initials | 21 |
| ✓ | Mail AO 450 form. | FILED FOR DOCKETING | | |
| | Copy to judge/magistrate judge. | 01 JUL 31 AM 9:35 | date mailed notice | |
| DW | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
AUG 1 2001

DOROTHY MEREDITH,

    Plaintiff,

v.

ANTHONY PRINCIPI, SECRETARY of the DEPARTMENT OF VETERANS AFFAIRS,

    Defendant.

No. 00 C 2476
Judge James B. Zagel

## MEMORANDUM OPINION AND ORDER

Dorothy Meredith is a registered nurse employed by the Department of Veterans Affairs ("VA"). While staffed to the eye clinic at Hines VA Hospital, Meredith believes she was treated differently because of her race and because of her prior complaints of employment discrimination at the VA. The VA, on the other hand, says it took no adverse action against Meredith notwithstanding her poor performance. The VA asks for summary judgment; this is appropriate relief if, evaluating the admissible evidence in the light most favorable to the plaintiff, there is no genuine issue of material fact and the VA is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 2513 (1986).

I must first address an evidentiary issue to clarify the record. Meredith has submitted thirteen affidavits from various character references that attest to her dedication to her profession. Defendant moves to strike twelve of these statements (all of them, save Althea Harris's) because the affiants were never disclosed during discovery and the affidavits are all dated after the close

of discovery. Fed. R. Civ. P. 37(c)(1). No justification was offered for the submission of these affidavits, they were simply used in Meredith's Local Rule 56.1(b)(3)(B) statement. As a general matter, a plaintiff cannot wait until she sees a defendant's motion to then conduct unilateral discovery with the expectation that such testimony could be used to fend off summary judgment. An appropriate response to reading defendant's motion is to seek leave to reopen discovery. That was not done here. I grant the motion to strike the affidavits.[1]

Throughout her career at the VA, Meredith has had problems with co-workers and supervisors. She has filed numerous EEO grievances, and has been criticized for her interpersonal skills and job errors. From her deposition testimony, I gather there was never a position (and she has held several) that provided the environment she expected. Meredith's general complaint, in this specific case, is that at the eye clinic, she was treated unfairly because she was the only black nurse. The Filipino and Hispanic nurses did not get along with her, the physicians did not accept her, and Christine Monari, her supervisor, treated her like a technician and not a registered nurse.[2]

Plaintiff says that Monari told other employees to give Meredith more work and to complain if she did not do it. I disregard this statement because there is no evidence cited to support it. Meredith's affidavit does not identify who these other employees were, when such

---

[1] The VA also moves to strike Meredith's own affidavit because it contradicts her deposition and contains blanket denials and conclusory allegations without evidentiary support. To a large extent I agree with defendant and will address the material facts that Meredith has failed to adequately rebut or deny below.

[2] In order to settle a prior EEO claim, the VA offerred Meredith a choice of assignments, the eye clinic or "GU." She chose the eye clinic. This was Meredith's deposition testimony. In her affidavit, she stated that no efforts were made to resolve her EEO claim and she had no choice but to go to the eye clinic. I accept her deposition testimony and disregard the contradictory portions of the affidavit.

2

conversations occurred, or on what basis such hearsay would be admissible. However, the undisputed evidence shows that Monari was responsible for assigning a nurse to "charge nurse" duty, and she never gave that assignment to Meredith. One day (or perhaps on two days), Monari assigned Meredith to the library, to study. Monari gave her the library assignment because Meredith did not get along with the other RNs and the only person she did get along with, the LPN, the technician with whom Meredith performed visual acuities tests, was absent that day. On another occasion, Tuesday, November 23, 1999, Meredith was the only RN at the clinic, the other two nurses were absent. Meredith had to treat over 100 patients that day. Tuesdays are generally the busiest days at the clinic.

Meredith says she was constantly verbally abused, but her affidavit does not specify the content, context, or timing of this abuse or the identity of the abusers. In her deposition, she testified about one occasion when co-workers yelled at her. The affidavit also says Meredith was excluded from attending nurses' meetings, denied vacation of her choice, and has to explain any time off she requests. These allegations of adverse treatment were not raised in the administrative charges that form the basis of this complaint, were not alleged in the complaint, and are not supported by any detail. I cannot tell: who denied the vacation requests or when; what meetings Meredith is talking about; or to whom she has to explain time off requests or in what context. These allegations were also not made at plaintiff's deposition. (Plaintiff was asked a number of times to describe what was unfair about her treatment.) Therefore, I disregard those portions of the affidavit, and accept the deposition testimony.

3

The VA is entitled to summary judgment. In order to state either a discrimination or retaliation claim, Meredith must demonstrate adverse employment actions taken against her. See *Gordon v. United Air Lines*, 246 F.3d 878, 886 (7th Cir. 2001) (race discrimination); see also *Johnson v. Nordstrom, Inc.*, – F.3d –, 2001 WL 818874 *5 (7th Cir. 2001) (retaliation). Things that make Meredith unhappy are not necessarily adverse employment actions. They must rise to the level of "a decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, or other indices that might be unique to a particular situation," *Crady v. Liberty Nat. Bank & Trust Co. of Indiana*, 993 F.2d 132, 136 (7th Cir. 1993), and they do not include negative performance evaluations (by themselves). *Smart v. Ball State University*, 89 F.3d 437, 442 (7th Cir. 1996). Being sent to the library on a day or two and having to treat many patients on one particular Tuesday in November did not materially change Meredith's employment. Her benefits were unaffected, her salary and rank were the same; these were isolated incidents that Meredith found unpleasant but did not really change her job at all.

The more substantial allegations are Monari's failure to give Meredith charge nurse duty and assigning her to work with an LPN. Meredith feels these actions denied her leadership opportunities and disrespected her RN degree. But there is no evidence that being the charge nurse is actually an opportunity for leadership or advancement. The record demonstrates that charge nurse duty is an occasional assignment given when someone is absent and involves making scheduling decisions. It appears that Meredith is only complaining about two separate days when she was not asked to be the charge nurse. These two instances cannot reasonably be considered

4

materially adverse -- they had no effect on the substance of Meredith's job. As for the LPN association, Meredith does not cite any evidence concerning what other RN duties entailed, so I cannot say that performing visual acuities in the eye clinic with an LPN is materially diminished from other RN tasks. Nothing in the record allows such an inference, and the conclusory statement in her affidavit that other RNs did not have the same assignment does not tell me anything, much less raise an issue for a jury.

Defendant also argues that Meredith was not meeting the VA's legitimate expectations (an essential element of her prima facie race discrimination case) and cites to numerous instances of personality conflict and professional error. Althea Harris's blanket statement of support, that Meredith is pleasant, fair, courteous, concerning, caring and compassionate does not shed any light on whether Meredith was meeting her employer's expectations. Harris does not communicate anything about what the VA expects of its RNs.[3] Meredith's own affidavit fails to explain with any specificity what it is that she thinks the bona fide job expectations were and how she met those standards. She just says she did her job well. Her self-evaluation does not make her prima facie case. *Cf. Shaffner v. Glencoe Park District*, -- F.3d --, 2001 WL 748076 *4 (7th Cir. 2001) (on issue of pretext, co-worker's or plaintiff's perception of performance is irrelevant).

Meredith must also show causation in order to state a prima facie case for retaliation. *Johnson*, 2001 WL 818874 at *5. Nothing in the record, except for Meredith's opinion, suggests that Monari sent her to the library or did not make her charge nurse on those two occasions

---

[3] Harris's affidavit is substantively the same as the other, inadmissible ones. The general character references do not explain what eye clinic RNs do, what is expected of them, or how Meredith fit within those expectations. Thus, my decision would be the same even if I did not strike the affidavits.

5

because Meredith had previously made EEO complaints. Monari testified that Meredith was difficult to work with (only the LPN got along with her, the other RNs did not), but there must be something that ties the specific adverse action to the protected activity. It may be that Monari thought Meredith was difficult because she constantly engaged in protected activity. But given Meredith's consistently low ratings for interpersonal skills (from 1987 on), I do not believe a jury could so conclude.

## VI. Conclusion

Plaintiff has failed to introduce admissible evidence of adverse employment actions, meeting legitimate employer expectations, or causation. Therefore, Defendant's motion for summary judgment [14-1] is granted.

ENTER:

James B. Zagel
United States District Judge

DATE: JUL 3 0 2001